IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| *Plaintiff-Appellee* ) | |
| ) | |
| v. ) | CASE NO. 24-4253 |
| ) | |
| ALEXUS TYSON, ) | |
| *Defendant-Appellant* ) | |

**APPELLANTS RESPONSE TO THE UNITED STATES OF AMERICA'S MOTION**
**<u>TO DISMISS APPEAL</u>**

The Court having ordered a response to the Appellee's motion to dismiss the appeal, the appellant, Alexus Tyson (hereinafter "Ms. Tyson"), through the undersigned counsel responds as follows:

On January 4, 2024, Ms. Tyson entered a plea of guilty to one count of "Conspiracy and Scheme to Defraud" in violation of 18 U.S.C. § 1349. JA16-53.[1] Pursuant to her plea agreement with the government, Ms. Tyson waived her right to appeal her conviction and/or whatever sentence was imposed by the district court, so long as it did not exceed the advisory sentencing guidelines. *See* JA58-59; JA35-37.

When the undersigned Counsel was appointed by the Court to represent Ms.

---

[1] The written plea agreement was signed on September 29, 2023. JA54-63.

Tyson, he conscientiously reviewed the record, including the Plea Agreement, and the Plea and Sentence Hearing Transcripts. The undersigned Counsel is aware of Ms. Tyson's waiver of her rights and has advised Ms. Tyson that under the terms of her plea agreement, she is not entitled to an appeal. Given his obligations to the client and this Court, on July 9, 2024, the undersigned Counsel filed a brief pursuant to the Supreme Court's decisions in decision in *Anders v. California*, 386 U.S. 738 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429 (1988) and *Penson v. Ohio*, 488 U.S. 75 (1988). In the brief, the undersigned Counsel requested that the Court review the entire record and provide Ms. Tyspm with whatever relief he is entitled to. (D.E. 14). Furthermore, the undersigned Counsel advised Ms. Tyson that she has 30 days from the date of the filing of the *Anders* brief to present any additional arguments to the Court. (D.E. 18, 20). The time to file the *pro se* brief expires on August 8, 2024. (D.E. 20).

On July 21, 2024, the Government filed a motion to dismiss the appeal and stay the briefing schedule prior to the resolution of said motion. (D.E. 22). The same day the Court ordered a response. (D.E. 23).

As indicated on page 7 of the Government's motion, the undersigned Counsel's position is that to the extent that Ms. Tyson is given an opportunity to file her supplemental *pro se* brief, the undersigned Counsel takes no position on the requested relief. However, to the extent that the Government's motion would

preclude this Court from reviewing the entire record, and/or prejudice Ms. Tyson's rights to make his own timely arguments to this Court, the undersigned Counsel opposes it. In all other respects, the undersigned Counsel reiterates his position in the opening brief, to wit, that there are, in the opinion of Counsel no non-frivolous grounds for an appeal, but that the Appellant should receive the benefit of the entire record review. Appellant does not oppose a stay of briefing schedule pending the resolution of the Government's motion.

        Respectfully submitted this the 23rd day of July, 2024.

        /s/ Gregory Dolin
        Gregory Dolin
        University of Baltimore School of Law
        1420 N. Charles Street
        Baltimore, MD 21201
        (410) 837-4610
        gdolin@ubalt.eu

        *Counsel for the Appellant*

## Certificate of Service

I hereby certify that on July 23, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following to all attorneys of record.

/s/ Gregory Dolin
Gregory Dolin
University of Baltimore School of Law
1420 N. Charles Street
Baltimore, MD 21201
(410) 837-4610
gdolin@ubalt.eu

*Counsel for the Appellant*